UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WELSPUN USA, INC. and NARESH KURAPATI,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), KENNETH T. CUCCINELLI, Senior Official Performing the Duties of the Director, USCIS, in Official Capacity, and CHAD WOLF, Acting Secretary, U.S. Department of Homeland Security, in his Official Capacity,<br><br>*Defendants*. | Civil Action No. 1:20-cv-6587 |

**COMPLAINT FOR JUDICIAL REVIEW OF ADMINISTRATIVE AGENCY ACTION PURSUANT TO THE ADMINISTRATIVE PROCEDURE ACT**

Plaintiffs, Welspun USA, Inc. ("Welspun") and Naresh Kurapati ("Mr. Kurapati"), by their counsel, MSK Attorneys and The Law Office of Richard B. Solomon, and for their Complaint against Defendants United States Citizenship and Immigration Services ("USCIS"), Kenneth T. Cuccinelli, Senior Official Performing the Duties of the Director, USCIS (in his official capacity) ("Director Cuccinelli") and Chad Wolf, Acting Secretary of the United States Department of Homeland Security (in his official capacity) ("Secretary Wolf"), allege as follows:

**INTRODUCTION**

1. This suit challenges USCIS's arbitrary and unlawful decision to deny a petition for extension of employment-based immigration status (L-1B), filed by Welspun on behalf of Mr. Kurapati on March 5, 2020 to which USCIS assigned File No. WAC2012850101 ("2020 L-1B Extension Petition").

2. Welspun is the U.S. subsidiary of the Welspun Group, which is based in India. The Welspun Group is one of India's fastest growing global conglomerates with businesses in line pipes, home textiles, infrastructure, steel, advanced textiles and flooring solutions. It has a presence in over 50 countries with more than 26,000 employees worldwide.

3. L-1B visa classification permits a multinational organization, such as Welspun, to transfer, from one of its affiliated foreign offices to one of its offices in the United States, a professional employee with "specialized knowledge." As such, it is common for L-1B visa holders to have acquired experience in their U.S. positions while working abroad. Mr. Kurapati acquired approximately four (4) years of his experience working for Welspun's parent company in India.

4. On March 28, 2016, the U.S. Consulate in Chennai, India ("Consulate") approved an L-1B visa for Mr. Kurapati based upon an I-129S nonimmigrant petition, which, in turn, was based on a blanket petition approved by USCIS for Welspun pursuant to USCIS regulations at 8 C.F.R. §214.2(l)(4)(i), to allow him to work as an Assistant Manager, Supply Chain, a position that uses his specialized knowledge. He began that work on April 18, 2016.

5. Similarly, on March 12, 2018, the Consulate issued a second L-1B visa to Mr. Kurapati, who had been promoted to "Supply Chain Manager," under another blanket petition submitted by Welspun and approved by USCIS. Mr. Kurapati returned to this position on March 18, 2018.

6. USCIS regulations at 8 C.F.R. § 214.2(l)(5)(ii)(E) provide that Consular officers may grant "L" classification *only* for "clearly approvable" applications. Therefore, the Consulate's 2016 and 2018 approvals of Mr. Kurapati's applications for L-1B visas based upon Welspun's blanket petitions ("2016 and 2018 Approvals") constitute findings that those applications were clearly approvable.

7.      USCIS regulations at 8 C.F.R. § 214.2(l)(5)(i) specifically delegate to U.S. consular officers the authority to adjudicate eligibility of applicants outside the U.S. under blanket petitions. Those regulations state, in pertinent part: "United States consular officers shall have authority to determine eligibility of individual beneficiaries outside the United States seeking L classification under blanket petitions."  Hence, the Consulate granted the 2016 and 2018 Approvals via the authority delegated to it by USCIS.

8.      The 2016 and 2018 Approvals were based on Mr. Kurapati's qualifications to perform exactly the work upon which the 2020 L-1B Extension Petition was based.

9.      On March 5, 2020, Welspun filed the 2020 L-1B Extension Petition with the Premium Processing Unit of USCIS's California Service Center, so that Mr. Kurapati could maintain his status and continue working for Welspun, after having been promoted again, this time to "Senior Manager, Supply Chain."  Welspun took the step of filing this Petition with USCIS in the United States rather than seeking the extension from the Consulate due to uncertainty about the availability of international travel when the extent of the COVID-19 pandemic was becoming known.

10.     "Specialized knowledge" is defined by the applicable statute as follows:

> For purposes of section 101(a)(15)(L), an alien is considered to be serving in a capacity involving specialized knowledge with respect to a company if the alien has a special knowledge of the company product and its application in international markets or has an advanced level of knowledge of processes and procedures of the company.

8 U.S.C. § 1184(c)(2)(B).

11.     The applicable regulations further define "specialized knowledge" as follows:

> Specialized knowledge means special knowledge is possessed by an individual of the petitioning organization's product, service, research, equipment, techniques, management, or other interests and its application in international markets, or an advanced level of

3

    knowledge or expertise in the organization's processes and procedure.

8 C.F.R. § 214.2(1)(1)(ii)(D).

12. Despite record evidence that Mr. Kurapati possesses specialized knowledge and that Welspun intended to continue to employ him in a position requiring such knowledge, and despite the 2016 and 2018 Approvals, USCIS issued a Decision dated July 9, 2020 ("Denial") denying the 2020 L-1B Extension Petition.

13. USCIS based the Denial on its erroneous conclusion that Welspun had not "established that the beneficiary has been employed abroad in a position that was managerial, executive, or involved specialized knowledge."

14. Similarly, USCIS concluded that "the evidence of record is insufficient to establish that the U.S. position, Senior Manager, Supply Chain, involves special knowledge or an advanced level of knowledge in the field."

15. Finally, USCIS found that Welspun had not "established that the beneficiary is qualified to perform the intended services in the United States."

16. It is impossible to fathom how an individual who was found in 2016 and 2018 to have the "specialized knowledge" required for the issuance of L-1B visas somehow could have lost that knowledge by 2020, or that the position that required specialized knowledge in 2016 and 2018 no longer does so in 2020.  However, Defendants made both of those findings in the Denial.

17. USCIS has shown no rational basis to depart from the Consulate's 2016 and 2018 Approvals.

18. Further, by ignoring Welspun's evidence that Mr. Kurapati qualified for the extension of his L-1B visa, Defendants acted in an arbitrary and capricious manner and contrary to law.  As such, the Court should vacate the Denial of the 2020 L-1B Extension Petition and direct

USCIS to approve the 2020 L-1B Extension Petition and extend Mr. Kurapati's L-1B status without interruption.

## JURISDICTION

19. This case arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*. and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). There exists between the parties an actual and justiciable controversy. The United States has waived its sovereign immunity under 5 U.S.C. § 702.

## VENUE

20. Venue is proper in this judicial District under 28 U.S.C. § 1391(e)(1)(A) and (C) because this is a civil action in which the Defendants are an agency of the United States and officers of the United States, acting in their official capacities for that agency, which maintains offices in this District. Further, Welspun maintains its principal place of business in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES NOT REQUIRED

21. USCIS's Denial of Welspun's 2020 L-1B Extension Petition constitutes a final agency action under the APA, 5 U.S.C. § 701, *et seq*. Neither the INA nor regulations promulgated by the U.S. Department of Homeland Security ("DHS") at 8 C.F.R. § 103.3(a) require an administrative appeal of the Denial. Accordingly, Plaintiffs have no administrative remedies to exhaust.

## PARTIES

22. Welspun is the U.S. subsidiary of the Welspun Group, which is based in India. The Welspun Group is one of India's fastest growing global conglomerates with businesses in line pipes, home textiles, infrastructure, steel, advanced textiles and flooring solutions. It has a presence in over 50 countries with more than 26,000 employees worldwide. Welspun's U.S.

headquarters is located in the Textile Building, 295 Fifth Avenue, Suite 1118-1129, New York, NY 10016.

23. Mr. Kurapati is an Indian national who graduated in 2012 with a bachelor's degree in Economics from BNN College at Mumbai University.

24. Mr. Kurapati has attended Welspun's internal certification courses to improve his specialized knowledge in business and sales analytics, which includes Optimizing Operations Using Demand Forecasting and Capacity Management.

25. Mr. Kurapati worked at Welspun India for four years as Assistant Manager, Supply Chain. In this position, Mr. Kurapati was responsible for managing Welspun supply chain activities for major U.S. retailers, such as Walmart and Sam's Club, and handling various activities including demand planning, inventory management and order forecasting for direct to customer shipments and constraints, and identifying opportunities for improvement and presenting solutions to all stakeholders.

26. Since his transfer to Welspun, USA, Mr. Kurapati has been responsible for monitoring and ensuring resolution on monthly compliance for chargebacks received from customers, meeting service level for replenishment programs, establishing proper communication protocols with internal and external stakeholders, closely coordinating and communicating customer action plans with supply planning and preparing and maintaining relevant reports pertaining to demand planning processes, as well as analyzing systems and methods to continually improve forecasts so that the company can better anticipate customer needs and improve sales analytics.

27. These functions require specialized knowledge because the position is required to utilize a highly sophisticated and proprietary software tool between Welspun and its customers to pull weekly sales data and use it for future production planning. One must have sophisticated

knowledge to perform and run segmentation analysis and analyses of groupings of stores and to recommend sales and inventory modifications. Mr. Kurapati utilizes detailed analytics to dissect the business and make recommendations on improving sales, inventory, and profit.

28. Mr. Kurapati has gained experience and has enhanced specialized knowledge in the textile industry, which predominantly requires a long lead time planning model.

29. Because of the sophistication of the market, customer base, production cycle, and other various attributes of the business, it takes at least two to three years of experience and specialized training before an employee has a complete understanding of both the production company's business, and the retailer's business cycle.

30. Additionally, each Welspun customer has its own software and technologies that are required to create a seamless production coordination between the business and its customers. Indeed, Welspun's largest customer, Walmart, uses a complicated and sophisticated proprietary *Retail Link* tool with Welspun, and only those with a high degree of experience, knowledge, education and ability can master this technology effectively and efficiently. Mr. Kurapati is such an employee.

31. USCIS is a component of the Department of Homeland Security ("DHS"), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is responsible for the adjudication of immigration benefits, including nonimmigrant visa petitions. USCIS denied the 2020 L-1B Extension Petition.

32. Director Cuccinelli oversees the adjudication of immigration benefits and establishes and implements governing policies. He has ultimate responsibility for the adjudication of Welspun's 2020 L-1B Extension Petition. He is sued in his official capacity.

33. Secretary Wolf has ultimate responsibility for the formulation of policy guiding USCIS's adjudications. He is sued in his official capacity.

## **LEGAL BACKGROUND**

34. Section 101(a)(15)(L) of the INA provides for the admission of workers into the United States temporarily in order to continue to render their services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge. 8 U.S.C. § 1101(a)(15)(L). The specialized knowledge component of this nonimmigrant classification is commonly referred to as "L-1B."

35. A petitioner can demonstrate "specialized knowledge" by establishing either one of two statutory criteria. Under the statute, a beneficiary is deemed to have specialized knowledge if he or she has: (1) a "special" knowledge of the company product and its application in international markets; or (2) an "advanced" level of knowledge of the processes and procedures of the company. 8 U.S.C. § 1184(c)(2)(B).

36. The corresponding regulation similarly defines specialized knowledge in terms of "special" or "advanced" knowledge:

> [S]pecial knowledge possessed by an individual of the petitioning organization's product, service, research, equipment, techniques, management, or other interests and its application in international markets, or an advanced level of knowledge or expertise in the organization's processes and procedures.

8 C.F.R. § 214.2(l)(1)(ii)(D).

37. In order for a foreign national to receive an L-1B classification, a U.S. employer may either file with USCIS a nonimmigrant visa petition on the foreign national's behalf or a "blanket" petition that covers several foreign nationals. In either case, the final adjudication of the petition takes place at a U.S. Consulate or Embassy. USCIS regulations at 8 C.F.R. § 214.2(l)(5)(ii)(E) provide that Consular officers may grant "L" classification *only* for "clearly approvable" applications.

38.     Under USCIS regulations at 8 C.F.R. 214.2(l)(5)(i), U.S. Consulates adjudicate L visa applications for approved blanket L petitions pursuant to authority delegated to the State Department by USCIS.  Those regulations state, in pertinent part: "United States consular officers shall have authority to determine eligibility of individual beneficiaries outside the United States seeking L classification under blanket petitions."

39.     If the foreign national is already in the United States in L-1B status, the petitioning employer also may designate that the foreign national is requesting an extension of stay in L-1B status.  *See* Form I-129, Petition for a Nonimmigrant Worker, Part 2, #4.c.  Welspun did so through the 2020 L-1B Extension Petition that it filed on Mr. Kurapati's behalf.

## FACTUAL BACKGROUND

40.     On March 28, 2016, the Consulate approved a blanket petition for an L-1B visa classification filed by Welspun on behalf of Mr. Kurapati (and others) to allow him to work as an Assistant Manager, Supply Chain, a position that uses his specialized knowledge.  He began that work on April 18, 2016.

41.     Similarly, on March 12, 2018, the Consulate issued a second L-1B visa to Mr. Kurapati, who had been promoted to "Supply Chain Manager," a position to which he returned on March 18, 2018.

42.     On March 5, 2020, Welspun filed the 2020 L-1B Extension Petition with the Premium Processing Unit of USCIS's California Service Center, so that Mr. Kurapati could continue working for Welspun, after having been promoted again, this time to "Senior Manager, Supply Chain."  Welspun took the step of filing this Petition with USCIS in the United States rather than seeking the extension from the Consulate due to uncertainty about the availability of international travel when the extent of the COVID-19 pandemic was becoming known.

43. Through the 2020 L-1B Petition Extension, Welspun requested an extension of Mr. Kurapati's stay in L-1B status until May 27, 2021. Welspun arrived at that date by seeking to "recapture" 43 days in which Mr. Kurapati was outside the U.S. for more than 24 hours at a time and adding 43 to the request to extend Mr. Kurapati's L-1B status to the five-year maximum.

44. The 2020 L-1B Extension Petition, including all attached and included documents, is incorporated herein by reference.

45. In its initial letter in support of its 2020 L-1B Extension Petition, dated February 19, 2020 ("Support Letter"), Welspun submitted background evidence concerning the company and the sophistication and complexity of the work Mr. Kurapati performs for Welspun's clients. The Support Letter, including all attached and included documents, is hereby incorporated by reference.

46. In its Support Letter, Welspun repeated the description of Mr. Kurapati's responsibilities in terms similar to those in the supporting letters accompanying the L-1B Petitions filed in 2016 and 2018. For example, Welspun stated:

> As Senior Manager Supply Chain, Mr. Kurapati will continue to be responsible for major customers for all product categories in the U.S. region (e.g., Wal-Mart, Sam's, Meijer's and Costco), ensuring sufficient inventory to meet customer demand and analyzing and relaying the customer service point of view, which requires knowledge of the Petitioner's entire product lifecycle process from production through front end, including warehouse. As Senior Manager, Supply Chain, Mr. Kurapati will continue to focus his efforts on 4 main areas – Business Analysis, Replenishment, Forecasting and Planning, and Major Customers.

47. On March 10, 2020, USCIS issued a Request for Evidence ("RFE") regarding the 2020 L-1B Petition. Welspun submitted its response ("Response") to the RFE on June 29, 2020. That entire Response, including all attached and included documents, is hereby incorporated by reference.

48. The Response included, *inter alia*, detailed evidence showing that: (1) Mr. Kurapati's previous position in India required specialized knowledge; (2) Mr. Kurapati himself continued to have specialized knowledge; and (3) Mr. Kurapati's position in the U.S. continued to require specialized knowledge.

49. In the Denial, USCIS found the Welspun had failed to prove any of the three elements specified in the previous paragraph. Again, it did so despite the Consulate's 2016 and 2018 Approvals containing express positive findings on those elements, which the Consulate reached while exercising authority delegated to it by USCIS and applying a "clearly approvable" standard.

50. Without an extension of his L-1B status, Mr. Kurapati has no lawful status to live or work in the United States. He and his family are faced with the prospect of having to uproot the lives they have built here and return to an uncertain future in India. Without that extension, Welspun is deprived of the valuable services Mr. Kurapati provides to some of Welspun's most important customers.

51. Under 5 U.S.C. §§ 702 and 704, Plaintiffs have suffered a "legal wrong" and have been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

### COUNT

**(Violation of the Administrative Procedure Act 5 U.S.C. § 701, *et seq*.)**

52. Plaintiffs repeat and re-allege each allegation set forth above as if fully set forth herein.

53. A reviewing court shall "hold unlawful and set aside agency action . . . found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. . . ." 5 U.S.C. § 706(2)(A).

11

54. Defendants denied the 2020 L-1B Extension Petition solely on the ground that the record evidence was insufficient to establish that Mr. Kurapati had the requisite specialized knowledge and that the positions he held in India and the U.S. required such knowledge.

55. However, Welspun submitted evidence satisfying each of the three elements of the "specialized knowledge" test, as that term is defined in 8 U.S.C. § 214(c)(2)(B) and 8 C.F.R § 214.2(l)(1)(ii)(D).

56. Defendants acted arbitrarily, capriciously, and contrary to the law and abused their discretion in violation of the APA by denying Welspun's 2020 L-1B Extension Petition. The Denial caused Plaintiffs to suffer a legal wrong. Plaintiffs were and continue to be adversely affected and aggrieved by Defendants' actions.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiffs request respectfully that this Court enter an order:

A. Vacating the Denial of the 2020 L-1B Extension Petition and remanding this matter to Defendants with instructions to approve, within ten (10) calendar days, the Form I-129, Petition for Nonimmigrant Worker filed by Plaintiff Welspun extending Mr. Kurapati's stay in L-1B status, without interruption, through and including May 27, 2021;

B. Awarding Plaintiffs their reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, and/or any other applicable law; and

C. Granting such other relief as the Court deems just, equitable and proper.

Dated: August 18, 2020
     Burlington, Vermont

Respectfully submitted,

MSK ATTORNEYS

By:   S/ Daniel A. Seff
Brian J. Sullivan*
Daniel A. Seff
275 College Street
Burlington, VT 05401
Phone: (802) 861-7000
Fax: (802) 861-7007
Email: bsullivan@mskvt.com
Email: dseff@mskvt.com

\* - Application for admission forthcoming

*Of Counsel*:

Richard B. Solomon, Esq.
The Law Office of Richard B. Solomon
427 Bedford Road, Suite 340
Pleasantville, NY 10570
Phone: (914) 769-8568
Fax: (914) 560-2052
Email: rsolomon@rsolomonlaw.com

*Attorneys for Plaintiffs*